UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

PURPLE EAST PLUS, INC.,

      Debtor.
_____/

Case No. BG 20-01470
Chapter 11 (Subchapter V)

### ORDER ESTABLISHING PROCEDURES FOR VIRTUAL HEARING ON CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

PRESENT:   HONORABLE JAMES W. BOYD
                  United States Bankruptcy Judge

On September 14, 2020, this court held a status conference in the above-captioned case. At the status conference, the parties and the court discussed procedural and substantive issues regarding the hearing on confirmation of the Debtor's First Amended Plan of Reorganization for Small Business Under Subchapter V of Chapter 11 Plan (Dkt. No. 114) and Second Pre-Confirmation Amendment to the Plan (Dkt. No. 143), which is scheduled for September 17, 2020 at 2:00 p.m. Due to the on-going COVID-19 pandemic, the parties and the court agreed that it would be prudent to conduct the confirmation hearing using the Zoom videoconferencing program/app. The court determined to issue this order, outlining additional procedures for the virtual hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. **Submission of Exhibits to Court and Opposing Counsel**. By no later than **September 16, 2020** at **4:00 p.m. Eastern Time**, the parties shall email electronic copies of any exhibits they intend to offer into evidence to the court at carrie_foster@miwb.uscourts.gov and to all opposing counsel. The electronic exhibits must include *all* exhibits a party intends to rely upon at the evidentiary hearing, even if the exhibits have already been docketed as attachments to the Plan or other pleadings.

2. **Form of Exhibits**. The exhibits shall be in PDF format and **should be combined into a single PDF file**. Each individual exhibit should be labeled

and bookmarked to ensure easy navigation.

3. **Remote Witness Testimony**.  In accordance with Federal Rule of Civil Procedure 43(a) (made applicable to this matter by Federal Rule of Bankruptcy Procedure 9017), a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom for good cause and in compelling circumstances.  The court finds that the COVID-19 pandemic constitutes good cause and presents compelling circumstances that justify permitting witnesses to testify by contemporaneous transmission from a different location ("Remote Witnesses").

4. **Responsibility for Remote Witnesses**.  The party sponsoring a Remote Witness shall be responsible for supplying: (a) the Zoom hyperlink, Meeting ID, and password and (b) copies of all exhibits to the Remote Witness before the virtual hearing.  If a Remote Witness does not have access to a program for viewing PDF files during the hearing, the party sponsoring the Remote Witness shall ensure the Remote Witness has a printed copy of all exhibits.

5. **Swearing-In of Remote Witnesses**.  All Remote Witnesses shall be sworn in over Zoom videoconferencing and such testimony will have the same effect and be binding on the Remote Witness in the same manner as if such Remote Witness was sworn in by the judge or courtroom deputy in-person in open court.  To the extent there is an error or malfunction with the videoconferencing system, the Remote Witness may be sworn in and testify via telephone only.

6. **Additional Safeguards**.  As an additional safeguard for the allowance of Remote Witness testimony, the court may require the Remote Witness and/or the sponsoring party to provide information such as: (a) the location of the Remote Witness (city, state, country); (b) the place from which the Remote Witness will testify (e.g., home or office); (c) whether anyone is or will be in the room with the Remote Witness during the testimony, and if so, who and for what purpose; and (d) whether the Remote Witness will have access to any documents other than exhibits provided to the court and the parties, and if so, what documents.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Steven M. Bylenga, Esq., attorney for the Debtor; Scott A. Chernich, Esq., the Subchapter V Trustee; Michael Shiparski, Esq., attorney for the United States Internal Revenue Service; Rebecca M. Smith, Esq., attorney for the Michigan Unemployment Insurance Agency; the Office of the United States Trustee; and all parties in interest who have registered to receive notices through the court's CM/ECF system in this case.

### END OF ORDER

**IT IS SO ORDERED.**



**Dated September 15, 2020**

James W. Boyd
United States Bankruptcy Judge